UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCHMITT,<br><br>                     Petitioner,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>                     Respondents. | Case No.: 17cv0730 MMA (JMA)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; and (2) DISMISSING CASE WITHOUT PREJUDICE** |

On April 10, 2017, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Court dismissed the action without prejudice on April 13, 2017 because Petitioner had failed to satisfy the filing fee requirement and because Petitioner challenged his state court conviction, which must be done via 28 U.S.C. § 2254.

On May 10, 2017, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a motion to proceed in forma pauperis.

### Motion To Proceed In Forma Pauperis

Petitioner has $0.80 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and

without being required to post security.  The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## ABSTENSION

The Petition must be dismissed because it is clear that this Court is barred from consideration of his claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).  Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances.  *Id*. at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.")  These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot.  *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue.  *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001).  All three of these criteria are satisfied here.  At the time Petitioner filed the instant Petition, he states that he has yet to receive a decision on his direct appeal to the California Court of Appeal.  (See Pet. at 2.) Thus Petitioner's criminal case is still ongoing in the state courts.  Further, there is no question that the state criminal proceedings involve important state interests.

Finally, Petitioner has failed to show that he has not been afforded an adequate opportunity to raise the federal issues on direct appeal.  Petitioner offers nothing to support a contention that the state courts do not provide him an adequate opportunity to raise his claims, and this Court specifically rejects such an argument. Indeed, Petitioner's claims of ineffective assistance of counsel, and sentencing error under *Blakely v. Washington*, 542 U.S. 296 (2004) are the just type of claims that the state courts provide an opportunity to raise on direct appeal.  Abstention is therefore required.  *See Huffman v.*

*Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (*Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.")

## CONCLUSION

For the foregoing reasons, the Petitioner's request to proceed in forma pauperis is **GRANTED** and the Petition is **DISMISSED** without prejudice because this Court must abstain from interfering with the ongoing state criminal proceedings pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971); *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action.).

**IT IS SO ORDERED**.

DATE: May 16, 2017

_____
HON. MICHAEL M. ANELLO
United States District Judge

3

17cv0730 MMA (JMA)